IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW MATTHEW OBRIECHT,

                    Petitioner,           OPINION AND ORDER

      v.                                             09-cv-710-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                    Respondent.

---

Andrew Matthew Obriecht, an inmate at the Waupun Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because it is plain from the petition that petitioner is not entitled to relief, the petition will be dismissed.

The following facts are drawn from the petition.

FACTS

On June 30, 1999, following a jury trial, petitioner was found guilty in Dane County case 98 CF 271 of one felony count of attempted second-degree sexual assault of a child, five misdemeanor counts of fourth-degree sexual assault and one count of disorderly conduct. On November 19, 1999, petitioner was sentenced to a combined seven years' incarceration

on the misdemeanor counts and probation on the felony count. Petitioner appealed his conviction to the Wisconsin Court of Appeals. He presented the single claim that the trial court had abused its discretion when it limited questioning by petitioner's lawyer during jury selection. On August 30, 2001, the court of appeals rejected petitioner's argument and affirmed the conviction. The Wisconsin Supreme Court denied his petition for review on December 17, 2001.[1]

In the meantime, petitioner's felony probation had been revoked. Stanley Kaufman was appointed to represent petitioner in post revocation proceedings in the circuit court. On August 17, 2001, the circuit court sentenced petitioner to seven years in prison, to run consecutively to the combined seven years on the misdemeanor counts. On August 29, 2001, petitioner filed a notice of his intent to appeal or seek post conviction relief from that sentence. After a series of delays, the state public defender's office eventually appointed Basil Loeb to represent petitioner on appeal from his post revocation sentence. Loeb filed

---

[1]In 2007, petitioner filed an application for a writ of habeas corpus attacking his original conviction. Obriecht v. Thurmer, 07-cv-409-bbc. On October 25, 2007, I dismissed the petition with prejudice on the ground that it was untimely. Op. and Order, dkt. #14. (Petitioner's appeal of that decision is pending in the Court of Appeals for the Seventh Circuit. On April 30, 2009, that court entered an order staying the appeal while petitioner pursues a state court post-conviction motion challenging trial counsel's effectiveness. Order, USCA case no. 08-1641, April 30, 2009.) Because the instant petition challenges petitioner's post revocation sentence and not his original judgment of conviction, it is not a prohibited second or successive petition. Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997) (second habeas petition attacking for first time constitutionality of newly imposed sentence not second or successive within meaning of § 2244).

post conviction motions in the trial court in May and September 2006, raising the following claims:

> 1) Count One of the criminal complaint failed to state the elements of attempt, which violated petitioner's Sixth and Fourteenth Amendment right to notice of the charges against him and deprived the court of subject matter jurisdiction; and
>
> 2) The court's sentence after revocation was unduly harsh.

On September 19, 2006, the trial court denied the motions. Petitioner appealed, raising the same claims and a new claim of prejudicial delay.

On December 13, 2007, the court of appeals rejected petitioner's arguments and affirmed the post revocation judgment. State v. Obriecht, 2008 WI App 17, 307 Wis. 2d 442, 745 N.W. 2d 87 (Table), 2007 WL 4336174 (Ct. App. Dec. 13, 2007) (unpublished decision). With respect to petitioner's challenge to the adequacy of the complaint, the court found that petitioner had "cite[d] no authority for the proposition that the failure to specifically identify the elements of the crime, or in this case the elements of attempt, goes to the circuit court's subject matter jurisdiction to hear the complaint." Id., 2008 WI App 17, ¶2. Insofar as Obriecht was attempting to raise challenges to the adequacy of the complaint that did not involve subject matter jurisdiction, said the court, those challenges were not properly before it because they attacked the underlying conviction, not the sentence after revocation. Id. The court also found that petitioner had failed to develop his claim of prejudicial delay and that the sentencing court had properly exercised its discretion in imposing the post revocation sentence. Id. at ¶¶ 3-4.

Loeb filed a motion for reconsideration, disputing the appellate court's conclusion that he had not cited relevant authorities to support petitioner's first claim. The appellate court denied the motion. On March 18, 2008, the Wisconsin Supreme Court denied petitioner's request for discretionary review.

In January 2009, petitioner filed a petition for a writ of habeas corpus in the state circuit court, alleging that Loeb had provided ineffective assistance to petitioner in his appeal from the post revocation sentence. The trial court denied the motion, and petitioner's subsequent trip through the state appellate court system was unsuccessful.

OPINION

Petitioner contends that he is in custody in violation of the laws and Constitution of the United States because he received the ineffective assistance of counsel on direct appeal of his judgment after revocation. Specifically, petitioner contends that Loeb was ineffective for:

> 1) failing to adequately support petitioner's claim that the trial court lacked subject matter jurisdiction because the criminal complaint failed to set forth the material elements of attempted second degree sexual assault;
>
> 2) failing to raise the claim that Wisconsin does not recognize the offense of attempted second degree sexual assault, and therefore petitioner's conviction for that crime was void for lack of subject matter jurisdiction;
>
> 3) failing to develop his argument that petitioner's seven-year, consecutive sentence was unduly harsh by comparing petitioner's sentence with those imposed in similar cases; and

> 4) failing to raise a claim that Kaufman was ineffective for failing to raise claims 1 and 2.

In addition, petitioner contends that he was denied his right to a direct appeal as a result of the Wisconsin Court of Appeals' failure to recognize the authorities cited in his brief in support of his lack-of-subject-matter jurisdiction claim. It appears that petitioner has exhausted his state court remedies and filed his petition within the one-year limitations period.

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993).

The appropriate standard for evaluating a claim of ineffective assistance of appellate counsel is the standard established in Strickland v. Washington, 466 U.S. 668 (1984), for evaluating claims of ineffective trial counsel. Winters v. Miller, 274 F.3d 1161, 1167 (7th Cir. 2001). In order to prevail on a Sixth Amendment ineffectiveness claim, the petitioner must satisfy both prongs of a two-pronged test. He must first show that his lawyer's performance "fell below an objective standard of reasonableness." Strickland, 466 U.S. at

688. Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

In general, appellate counsel provides ineffective assistance only when he fails to perfect his client's appeal or waives potentially meritorious grounds for reversal. Smith v. Farley, 59 F.3d 659, 665 (7th Cir. 1995). In Farley, 59 F.3d at 665, the court of appeals stated that when the petitioner claims not that his lawyer omitted valid grounds for appeal but rather that he failed to present them in a competent manner, prejudice will not be found except in "highly unusual cases that we cannot at present envision." Id.

Applying these standards, it is plain that petitioner cannot obtain relief. As an initial matter, it is not necessary to discuss Loeb's failure to raise a claim that Kaufman was ineffective. With one exception, Loeb presented directly the claims that petitioner says Kaufman omitted, and the court of appeals considered them on their merits. Accordingly, petitioner suffered no prejudice as a result of Loeb's failure to challenge Kaufman's performance explicitly.

The only other claim that petitioner says Loeb failed to bring was a claim that Wisconsin does not recognize the offense of attempted second degree sexual assault, and therefore petitioner's conviction for that crime was void for lack of subject matter jurisdiction. This claim, however, is plainly without merit. Under Wis. Stat. § 939.32(1), any person who attempts to a commit a felony or other specified crimes may be charged with

attempt. Second-degree sexual assault of a child is a felony in Wisconsin. Wis. Stat. § 948.02(2). See also State v. Grimm, 2002 WI App 242, 258 Wis. 2d 166, 653 N.W.2d 284 (attempted second-degree sexual assault of child is permissible attempt crime). The case cited by petitioner, State v. Cvorovic, 158 Wis. 2d 630, 462 N.W. 2d 897 (Ct. App. 1990), is not on point because that case involved a charge of fourth-degree sexual assault, which is a misdemeanor not covered by the attempt statute.

Petitioner's remaining complaints about Loeb's performance amount to challenges to the adequacy of his briefing in the court of appeals. However, petitioner's own allegations show that Loeb performed adequately. In support of his claim that the state court of appeals did not fairly decide his appeal, petitioner asserts that Loeb "clearly and unmistakably cited authoritative citation of law for the proposition that a criminal complaint, which fails to recite the essential elements of the crime charge[d], deprives a court of subject-matter jurisdiction, " Pet., dkt. #1, at 42, and that Loeb pointed this fact out to the court of appeals in a motion for reconsideration. These facts stand in direct contradiction to petitioner's allegation that Loeb failed to adequately support his argument on petitioner's first claim and show that in fact, Loeb fulfilled his duties as an advocate for petitioner. As for petitioner's claim that Loeb should have presented specific cases to support his argument that petitioner's seven-year sentence after revocation was unduly harsh, petitioner has not shown that the examples he cites in his petition involved defendants who committed a series of crimes while on probation, as petitioner did in this case. Obriecht, 2008 WI App 17, ¶4.

In any case, petitioner has failed to show that his is the "highly unusual" case in which his lawyer's briefing was so inadequate as to amount to constitutionally ineffective assistance.

For the sake of completeness, I address two final arguments that petitioner raises in his petition. First, although he concedes that his lack-of-subject-matter-jurisdiction claim was a state law claim not cognizable in a federal habeas petition, see, e.g., Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law"), he argues that it would violate his federal right to due process for a state court to convict and sentence him when it lacked subject matter jurisdiction. Although that may be true, no due process violation occurs unless the trial court lacked jurisdiction, which, according to the state courts, it did not. Accordingly, petitioner has no due process claim.

Second, petitioner complains that the court of appeals denied him a fair appeal when it "falsified the content of his brief" by stating that he had not cited authorities in support of his lack-of-subject-matter-jurisdiction claim. Petitioner's disagreement with the manner in which the court of appeals described his brief is not a basis on which to grant habeas relief. In particular, the court of appeals declined to reconsider its ruling even after petitioner submitted a motion for reconsideration. Further, petitioner presumably brought his complaints about the appellate court's order to the attention of the state supreme court, but that court found no basis to review petitioner's case. Finally, even if the court of appeals might have erred in its characterization of petitioner's brief, petitioner was not prejudiced

because his lack of subject matter jurisdiction claim has no merit.  Wis. Stat. § 971.26 (providing that  no complaint shall be invalid, nor shall trial, judgment or other proceedings be affected "by reason of any defect or imperfection in matters of form which do not prejudice the defendant"); State v. Petrone, 161 Wis.2d 530, 553-554, 468 N.W.2d 676, 684-685 (1991)  (where complaint fails to articulate elements of crime but cites number of substantive statute defining the crime, conviction is valid so long as defendant was not prejudiced in any way by failure of charging document to set forth every element of crime).

In sum, it is plain from the petition that petitioner is not entitled to relief on his claims that he was denied the effective assistance of counsel on appeal from his sentence after revocation and that he was denied a fair appeal.  Accordingly, the petition must be dismissed.

ORDER

IT IS ORDERED that

1.  The petition of Andrew Obriecht for a writ of habeas corpus challenging his sentence after revocation in Dane County case 98 CF 271 is DISMISSED WITH PREJUDICE under Rule 4 of the Rules Governing 2254 Cases.

2.  Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253(c)(2)

because he has not made a substantial showing of the denial of a constitutional right.

Entered this 2nd day of December, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge